IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN L. TURNER, JR. | ) | CASE NO.  1:10CV0947 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| SEAN FLANAGAN, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* John L. Turner filed this action under the Civil Rights Act of 1871, 42 U.S.C.

§ 1983. The Defendants are Cleveland Metro Parks Ranger Sean Flanagan, Cuyahoga County. Ohio

Prosecutor William Mason, Cuyahoga County, Ohio Common Pleas Court Judge Michael Donnelly,

Attorney James McDonnell and Cuyahoga County, Ohio Assistant Cuyahoga County Prosecutor

Rick Bell. Plaintiff states in his Complaint that he was incarcerated because of four criminal cases.

The Cuyahoga County Common Pleas Court Docket shows that he pled guilty and was sentenced

for aggravated theft, R.C. 2913.02, in two cases, Case Nos. CR-09-524875 and CR-09-529240 and

for engaging in pattern of corrupt activity, R.C. 2932.32, in another, Case No. CR-09-527609. The

fourth case, which occurred in Rocky River, Ohio Municipal Court involving theft and possession

of criminal tools, was *nolled* at state/city costs, Case No. 09 CRB 0396. Plaintiff demands that his

criminal cases be dismissed and monetary damages be awarded. He has also filed a Motion for

Appointment of Counsel. (ECF 3).  For the reasons set forth below, his Motion for Appointment of

Counsel is Denied and this action is DISMISSED.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking

relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167  * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

The following facts were taken from Plaintiff's Complaint.  He alleges that Defendant Flanagan executed an illegal search warrant and arrested him without jurisdiction. He was then indicted by Defendant Mason upon Defendant Bell's approval. Judge Donnelly granted his attorney, Defendant McDonnell, a continuance which allowed him to become Plaintiff's advisor, and also refused to transfer him to mental health court. Finally, Defendant Bell "approved an agreement for Plaintiff not to be prosecuted to go back to jail." Complaint, pg. 4.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiff's Complaint does not contain any facts demonstrating the existence of a viable cause of action under §1983.

First, the allegation that  Defendant Flanagan executed an illegal search warrant and arrested him without jurisdiction is not cognizable under § 1983 because it would require this Court to express an opinion which would necessarily implicate the validity of Plaintiff's conviction.  Absent an allegation that Plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas

2

corpus, Plaintiff may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009).  In other words, a complaint seeking relief under 42 U.S.C. §§1983 is not a permissible alternative to a petition for writ of habeas corpus if the Plaintiff essentially challenges the legality of his conviction. *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973); *Kuehne v. Foley*, 2009 WL 1045897 * 2 (S.D. Ohio, Apr. 20, 2009). For this reason alone, Plaintiff's Complaint must be dismissed.

Next, Judge Donnelly is a Common Pleas Court Judge and it is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting Judge Donnelly acted outside the scope of his official duties. Judge Donnelly definitely acted within the scope of his official duties in presiding over Plaintiff's court cases.

Prosecutors are also absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  "The analytical key to prosecutorial immunity ... is advocacy- whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint that either Prosecutor Mason or Assistant Prosecutor Bell were acting outside of the scope of their  responsibilities.

Plaintiff's attorney, James McDonnell, merely asked for a continuance. There is nothing in

the Complaint showing liability.  To the extent Plaintiff argues McDonnell's performance was

constitutionally defective, that claim, again, can only be asserted in the context of a request for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254, not pursuant to § 1983.

For all of these reasons, Plaintiff's Motion for Appointment of Counsel is **DENIED** and this

action is **DISMISSED** pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C.

§ 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

s/ Kathl**een M. O'Malley**
JUDGE KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED:  June 25, 2010